UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**AMIN LAKHANI**,
    Plaintiff,
vs.

**200 E FLAGLER DEVELOPMENT LLC,**
**J & H HOSPITALITY LLC** d/b/a "Julia & Henry's Feast Miami" a/k/a "Boxelder" a/k/a "The Lasseter" a/k/a "La Epoca Bar",
**MENSCH DOWNTOWN LLC** d/b/a "Mensch",
**YABAI DOWNTOWN LLC** d/b/a "Yabai",
**SANKUAY LLC** d/b/a "Sankuay" a/k/a "Rozu" a/k/a "J Wong Ceviche Bar",
**HITCHIHAIKA DOWNTOWN LLC** d/b/a "Hitchi Haika" a/k/a "Hitchihaika",
**LITTLE RIVER FOOD SERVICES LLC** d/b/a "Palmar",
**SHIMUJA MIAMI, LLC** d/b/a "Shimuja",
**JUNE DOWNTOWN LLC** d/b/a "June",
**MICHY'S CHICKEN SHACK LLC** d/b/a "Michy's Chicken Shack",
**TACOTOMIA DOWNTOWN MIAMI LLC** d/b/a "Tacotomia",
**EPICUREAN CATERING, LLC** d/b/a "The Epicurean",
**CICCHETTI DOWNTOWN LLC** d/b/a "Cicchetti", and
**LA LATINA DOWNTOWN LLC** d/b/a "La Latina",
    Defendants.

## COMPLAINT

Plaintiff, **AMIN LAKHANI** (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, **200 E FLAGLER DEVELOPMENT LLC**, **J & H HOSPITALITY LLC** d/b/a "Julia & Henry's Feast Miami" a/k/a "Boxelder" a/k/a "The Lasseter" a/k/a "La Epoca Bar", **MENSCH DOWNTOWN LLC** d/b/a "Mensch", **YABAI DOWNTOWN LLC** d/b/a "Yabai", **SANKUAY LLC** d/b/a "Sankuay" a/k/a "Rozu" a/k/a "J Wong Ceviche Bar", **HITCHIHAIKA DOWNTOWN LLC** d/b/a "Hitchi Haika" a/k/a "Hitchihaika", **LITTLE RIVER FOOD SERVICES LLC** d/b/a "Palmar", **SHIMUJA**

**MIAMI, LLC** d/b/a "Shimuja", **JUNE DOWNTOWN LLC** d/b/a "June", **MICHY'S CHICKEN SHACK LLC** d/b/a "Michy's Chicken Shack", **TACOTOMIA DOWNTOWN MIAMI LLC** d/b/a "Tacotomia", **EPICUREAN CATERING, LLC** d/b/a "The Epicurean", **CICCHETTI DOWNTOWN LLC** d/b/a "Cicchetti", and **LA LATINA DOWNTOWN LLC** d/b/a "La Latina", (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The property which is subject of this action and which contains Defendants' violations of Title III of the ADA and the ADAAG is a large food court or plaza known as "JULIA & HENRY'S FEAST MIAMI" which is located at 200 E. Flagler St., Miami, Florida 33131 (hereinafter the "Subject Premises") and which hosts a food court and/or plaza containing approximately 26 restaurants, 2 bars, live music, game nights, and other events throughout each week.

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in the Southern District.

## PARTIES

**4.** Plaintiff, AMIN LAKHANI, is currently a resident of the State of Washington who lives several months out of the year in Miami, Florida, is *sui juris*, and is a qualified

individual under the ADA and the FACBC who has been intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

5. Mr. Lakhani is limited in one or more major life activities and requires a wheelchair to ambulate. Mr. Lakhani has been diagnosed with Type 1B Hereditary Motor & Sensory Neuropathy, which is also known as Charcot-Marie-Tooth Disorder.

6. Despite the physical limitations to which he is subjected as a result of his disability, Mr. Lakhani strives to lead a full life, frequently travels, dines out, and is also an actively social, independent, and highly educated, individual. Mr. Lakhani traveled internationally throughout his life both before and after requiring a wheelchair to ambulate at the age of 15. Since the age of 15, he has traveled frequently through the United States, and also to Singapore, France, and Mexico.

7. Mr. Lakhani also attended a highly selective dual degree program at the University of Pennsylvania, an Ivy League Institution, where he received degrees in Economics and Computer Science. Mr. Lakhani is very social, highly involved in his community, offers dating-coaching through his website and social media, and is highly involved in social activism.

8. Mr. Lakhani's stays several months out of the year in Miami, Florida and within close proximity to the Subject Premises—less than 2 miles away from the Subject Premises.

9. Mr. Lakhani avers with all certainty that he will frequently return to the Subject Premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present.

10. Mr. Lakhani looks forward to revisiting Subject Premises to partake in the full and equal enjoyment of the food and services offered to the general public by Defendants'

Subject Premises. However, Plaintiff is deterred from returning so long as the discriminatory barriers and policies described herein continue to exist at the Subject Premises.

11. Mr. Lakhani has visited the Subject Premises three times, on or about (June 11, 2023, June 14, 2023, and July 10, 2023) since it's opening in or about June of 2023, which forms the basis of this lawsuit, and plans to return to avail him of the goods and services offered to the public at the Subject Premises, and to determine whether the Subject Premises has been remedied to be ADA compliant.

12. However, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of the barriers to access which exist at the Subject Premises including, but not limited to, those set forth in further detail within this Complaint.

13. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.

14. In this instance, Plaintiff, in his individual capacity, has visited the Subject Premises, encountered barriers to access at the Subject Premises, was compelled to engage those barriers, experienced the difficulty, frustration, and social embarrassment of encountering and engaging or attempting to engage those barriers, and as a result has suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access including the ADA regulatory violations set forth herein below.

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the

requirements of the ADA.  Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

16. Because, *inter alia,* this Subject Premises was designed, constructed, and received its Certificates of Occupancy and State Licensures in 2023 after undergoing extensive renovations to modernize the Subject Premises, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

17. Defendant, 200 E FLAGLER DEVELOPMENT LLC, is a Florida Limited Liability Company which is authorized to and does transact business in the State of Florida and within this judicial district.

18. Pursuant to the Miami-Dade Property Appraiser's Office, Defendant, 200 E FLAGLER DEVELOPMENT LLC, is the owner and/or operator/manager of the real property located on or 200 E. Flagler St., Miami, Florida 33131 ("Subject Premises").  This is the building where the Subject Premises (a food court and/or plaza with several restaurants and bars) is located.

19. Defendant, J&H HOSPITALITY LLC, is a Florida Limited Liability Company, which is doing business as "Julia & Henry's Feast Miami" a/k/a "Boxelder" a/k/a "The Lasseter" a/k/a "La Epoca Bar", which is authorized to and does transact business in the State of Florida and within this judicial district.

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

20. According to the Miami-Dade Tax Collector's Office and the Florida Department of Business and Professional Regulation, the Defendant, J&H HOSPITALITY LLC, was licensed in 2023 to provide Permanent Food Service and Seating and occupies the Subject Premises as a food court/restaurant (Julia & Henry's Feast Miami) and bars (Boxelder, La Epoca Bar, and The Lasseter). Defendant, J&H HOSPITALITY LLC,, is also the owner of the fictitious name/is doing business as "Julia & Henry's Feast Miami" a/k/a "J & H Feast Miami" (the name in which the entire Food Plaza as known) a/k/a "Boxelder" a/k/a "La Epoca Bar" a/k/a "The Lasseter" (the 3 bars within the Food Plaza at the Subject Premises).

21. Defendant, MENSCH DOWNTOWN LLC, is a Florida Limited Liability Company, which is doing business as "Mensch", which is authorized to and does transact business in the State of Florida and within this judicial district.

22. According to the Miami-Dade Tax Collector's Office and the Florida Department of Business and Professional Regulation, the Defendant, MENSCH DOWNTOWN LLC, was licensed in 2023 to provide Permanent Food Service and Seating and occupies the Subject Premises as a food restaurant.

23. Defendant, YABAI DOWNTOWN LLC, is a Florida Limited Liability Company, which is doing business as "Yabai", which is authorized to and does transact business in the State of Florida and within this judicial district.

24. According to the Miami-Dade Tax Collector's Office and the Florida Department of Business and Professional Regulation, the Defendant, YABAI DOWNTOWN LLC, was licensed in 2023 to provide Permanent Food Service and Seating and occupies the Subject Premises as a food restaurant.

25. Defendant, SANKUAY LLC, is a Florida Limited Liability Company, which is doing business as "Sankuay" (their 3rd floor restaurant at the Subject Premises) a/k/a "Rozu" (their 2nd floor restaurant at the Subject Premises) a/k/a "J Wong Ceviche Bar" (their 3rd floor restaurant at the Subject Premises), which is authorized to and does transact business in the State of Florida and within this judicial district.

26. According to the Miami-Dade Tax Collector's Office and the Florida Department of Business and Professional Regulation, the Defendant, SANKUAY LLC, was licensed in 2023 to provide Permanent Food Service and Seating and occupies the Subject Premises as a the three (3) different food restaurants: Sankuay, Rozu, and J Wong Ceviche Bar.

27. Defendant, HITCHIHAIKA DOWNTOWN LLC, is a Florida Limited Liability Company, which is doing business as "Hitchi Haika" a/k/a "Hitchihaika", which is authorized to and does transact business in the State of Florida and within this judicial district.

28. According to the Miami-Dade Tax Collector's Office and the Florida Department of Business and Professional Regulation, the Defendant, HITCHIHAIKA DOWNTOWN LLC, was licensed in 2023 to provide Permanent Food Service and Seating and occupies the Subject Premises as a food restaurant.

29. Defendant, LITTLE RIVER FOOD SERVICES LLC, is a Florida Limited Liability Company, which is doing business as "Palmar", which is authorized to and does transact business in the State of Florida and within this judicial district.

30. According to the Miami-Dade Tax Collector's Office and the Florida Department of Business and Professional Regulation, the Defendant, LITTLE RIVER FOOD SERVICES LLC, was licensed in 2023 to provide Permanent Food Service and Seating and occupies the Subject Premises as a food restaurant.

31. Defendant, SHIMUJA MIAMI, LLC, is a Florida Limited Liability Company, which is doing business as "Shimuja", which is authorized to and does transact business in the State of Florida and within this judicial district.

32. According to the Miami-Dade Tax Collector's Office and the Florida Department of Business and Professional Regulation, the Defendant, SHIMUJA MIAMI, LLC, was licensed in 2023 to provide Permanent Food Service and Seating and occupies the Subject Premises as a food restaurant.

33. Defendant, JUNE DOWNTOWN LLC, is a Florida Limited Liability Company, which is doing business as "June", which is authorized to and does transact business in the State of Florida and within this judicial district.

34. According to the Miami-Dade Tax Collector's Office and the Florida Department of Business and Professional Regulation, the Defendant, JUNE DOWNTOWN LLC, was licensed in 2023 to provide Permanent Food Service and Seating and occupies the Subject Premises as a food restaurant.

35. Defendant, MICHY'S CHICKEN SHACK LLC, is a Florida Limited Liability Company, which is doing business as "Michy's Chicken Shack", which is authorized to and does transact business in the State of Florida and within this judicial district.

36. According to the Miami-Dade Tax Collector's Office and the Florida Department of Business and Professional Regulation, the Defendant, MICHY'S CHICKEN SHACK LLC, was licensed in 2023 to provide Permanent Food Service and Seating and occupies the Subject Premises as a food restaurant.

37. Defendant, TACOTOMIA DOWNTOWN MIAMI LLC, is a Florida Limited Liability Company, which is doing business as "Tacotomia", which is authorized to and does transact business in the State of Florida and within this judicial district.

38. According to the Miami-Dade Tax Collector's Office and the Florida Department of Business and Professional Regulation, the Defendant, TACOTOMIA DOWNTOWN MIAMI LLC, was licensed in 2023 to provide Permanent Food Service and Seating and occupies the Subject Premises as a food restaurant.

39. Defendant, EPICUREAN CATERING, LLC, is a Florida Limited Liability Company, which is doing business as "The Epicurean", which is authorized to and does transact business in the State of Florida and within this judicial district.

40. According to the Miami-Dade Tax Collector's Office and the Florida Department of Business and Professional Regulation, the Defendant, EPICUREAN CATERING, LLC, was licensed in 2023 to provide Permanent Food Service and Seating and occupies the Subject Premises as a food restaurant.

41. Defendant, CICCHETTI DOWNTOWN LLC, is a Florida Limited Liability Company, which is doing business as "Cicchetti", which is authorized to and does transact business in the State of Florida and within this judicial district.

42. According to the Miami-Dade Tax Collector's Office and the Florida Department of Business and Professional Regulation, the Defendant, CICCHETTI DOWNTOWN LLC, was licensed in 2023 to provide Permanent Food Service and Seating and occupies the Subject Premises as a food restaurant.

43. Defendant, LA LATINA DOWNTOWN LLC, is a Florida Limited Liability Company, which is doing business as "La Latina", which is authorized to and does transact business in the State of Florida and within this judicial district.

44. According to the Miami-Dade Tax Collector's Office and the Florida Department of Business and Professional Regulation, the Defendant, LA LATINA DOWNTOWN LLC, was licensed in 2023 to provide Permanent Food Service and Seating and occupies the Subject Premises as a food restaurant.

45. The Defendants' Subject Premises is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

46. In this instance, Mr. Lakhani visited the Subject Premises on several occasions, and on each of those occasions he encountered barriers to access at the Subject Premises, engaged and/or observed those barriers, dealt with the undue difficulty, frustration, and social embarrassment as a result of engaging and/or attempting to engage and/or avoiding those barriers after observing the same, and as a result has suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access and Defendants' ADA violations set forth herein.

47. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

## FACTUAL ALLEGATIONS AND CLAIM

48. Mr. Lakhani has attempted to and has, to the extent possible, accessed the Subject Premises, but could not do so because of his disabilities due to the physical barriers to access,

dangerous conditions and ADA violations that exist at the Subject Premises that restrict and/or limit his access to the Subject Premises and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

49. Mr. Lakhani intends to visit the Subject Premises again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Subject Premises, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Premises that restrict and/or limit his access to the Subject Premises and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

50. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises, as prohibited by 42 U.S.C., § 12182, *et. seq*., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Subject Premises, including those specifically set forth herein, and make the Subject Premises accessible to and usable by persons with disabilities, including Plaintiff.

51. Defendants have discriminated against Mr. Lakhani by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Subject Premises and/or full and equal enjoyment of the goods,

services, facilities, privileges, advantages and/or accommodations of the Subject Premises include:

### Main Entrance

i.) Exterior door has a non-complaint door opening force contrary to FBC 404.2.9.3;

### First Floor – Interior Seating Area

ii.) Minimum number of tables do not provide required knee clearance and table base encroaches over the clear floor space contrary to 2010 ADA Code §902.2;

### Second Floor/Balcony Seating Area

iii.) Minimum number of tables do not provide required knee clearance and table base encroaches over the clear floor space contrary to 2010 ADA Code §902.2;

### Mensch – Seating Counter

iv.) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

### Yabai – Seating Counter

v.) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

### Sankuay – Seating Counter

vi.) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

### Rozu – Seating Counter

vii.) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

### Hitchi Haika – Seating Counter

viii.) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

**Palmar – Seating Counter**

ix.) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

**Shimuja – Seating Counter**

x.) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

**Boxelder – Seating Counter**

xi.) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

**June – Seating Counter**

xii.) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

**Michy's Chicken Shack – Seating Counter**

xiii.) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

**Tacotomia – Seating Counter**

xiv.) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

**The Epicurean – Seating Counter**

xv.) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

**Cicchetti – Seating Counter**

xvi.) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

**La Latina – Seating Counter**

xvii.) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

**Men's Accessible Restroom – 1st Floor**

xviii.) Non-compliant door locking hardware, requiring grasping and turning of the wrist to operate contrary to 2010 ADA Code §404.2.7;

 **xix.)** Lavatory knee clearance is 26.5" above the finished floor to bottom leading edge of fixture at 8" horizontal projection contrary to 2010 ADA Code §606.2;

 **xx.)** Lavatory counter in mounted at 47.75" from the water closet side wall encroaching over water closet clearance contrary to 2010 ADA Code §604.3.2;

 **xxi.)** Trash bin encroaches over the water closet clearance contrary to 2010 ADA Code §604.3.2;

 **xxii.)** Rear wall grab bar is mounted at 1.125: clear from water closet tank contrary to 2010 ADA Code §609.3;

 **xxiii.)** Water closet has the rear wall grab bar mounted at 6.5" perpendicular from side wall to centerline of inner flange contrary to 2010 ADA Code §604.5.2;

 **xxiv.)** Water closet side wall grab bar is mounted at 50.5" perpendicular from rear wall to centerline of its outer flange contrary to 2010 ADA Code §604.5.1;

 **xxv.)** Clearance in front water closet is 55.75" long contrary to 2010 ADA Code §604.3.1;

 **xxvi.)** Toilet tissue dispenser is mounted at 11" in front of the water closet to the centerline of the dispenser contrary to 2010 ADA Code §604.7;

**Men's Accessible Restroom – 2nd Floor**

 **xxvii.)** Non-compliant door locking hardware requiring grasping and turning of the wrist to operate contrary to 2010 ADA Code §404.2.7;

 **xxviii.)** Lavatory encroaches over maneuvering clearance eon the pull side of the door and lavatory is mounted at 43.75" deep clear from the plain of the door contrary to 2010 ADA Code §404.2.4;

 **xxix.)** Lavatory knee clearance is 25" above the finished floor to bottom leading edge of fixture at 8" horizontal projection contrary to 2010 ADA Code §606.2;

 **xxx.)** Trash bin encroaches over the water closet clearance contrary to 2010 ADA Code §604.3.2;

 **xxxi.)** Water closet flush chain requires pinching and tight grasping to operate contrary to 2010 ADA Code §309.4;

**xxxii.)** Water closet has the rear wall grab bar mounted at 6.75' perpendicular from side wall to centerline of inner flange contrary to 2010 ADA Code § 604.5.2;

**xxxiii.)** Water closet side wall grab bar is mounted at 48.5" perpendicular form rear wall to centerline of its outer flange contrary to 2010 ADA Code § 604.5.1;

**xxxiv.)** Clear floor space is 59" wide and does not provide the required diameter wheelchair turnaround space in room contrary to 2010 ADA Code § 304.3;

**xxxv.)** Air freshener is mounted 3.75" over the rear wall grab bar contrary to 2010 ADA Code §609.3;

**Men's Accessible Restroom – 3rd Floor**

**xxxvi.)** Non-compliant door locking hardware requiring grasping and turning of wrist to operate contrary to 2010 ADA Code §609.3;

**xxxvii.)** Baby changing station encroaches over maneuvering clearance on pull side of the door contrary to 2010 ADA Code §404.2.4;

**xxxviii.)** Lavatory knee clearence is 25" above the finished floor to bottom leading edge of fixture at 8" horizontal projection contrary to 2010 ADA Code §606.2;

**xxxix.)** Trash bin encroaches over the water closet clearance contrary to 2010 ADA Code §604.3.2;

**xl.)** Water closet flush control is toward the wall side 2010 ADA Code §604.6;

**xli.)** Water closet flush chain requires pinching and tight grasping to operate contrary to 2010 ADA Code §309.4;

**xlii.)** Water closet has the rear wall grab bar mounted at 14.5: perpendicular from side wall to centerline of inner flange contrary to 2010 ADA Code §604.5.2;

**xliii.)** Water closet rear wall grab bar is mounted at 32.25" above the finished floor to the top of the gripping surface contrary to 2010 ADA Code §604.5.2;

**xliv.)** Water closet side wall grab bar is mounted at 13" perpendicular from rear wall to centerline of its inner flange contrary to 2010 ADA Code §604.5.1;

**xlv.)** Toiler tissue dispenser is mounted at 13/5" in front of the water closet to the centerline of the dispenser contrary to 2010 ADA Code §604.7;

  **xlvi.)** Water closet is centered at 18.5" from side wall contrary to 2010 ADA Code §604.2;

  **xlvii.)** Lavatory mirror is mounted at 32.45" above the finished floor to bottom edge of its reflecting surface contrary to 2010 ADA Code §603.3;

52. The above listing is not to be considered all-inclusive of the barriers, conditions, or violations encountered or observed by Plaintiff and/or which exist at the Subject Premises. Plaintiff requires an inspection of the Subject Premises in order to determine all of the discriminatory acts violating the ADA, including specifically the barriers to access and violations which were concealed and/or which Plaintiff was unable to observe or encounter as a result of his encountering of the initial barriers to access and violations at the Subject Premises.

53. Mr. Lakhani has attempted to gain access to the Subject Premises, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Subject Premises, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future and to endure the same difficulty, frustration, and social embarrassment, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA by Court-order.

54. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Subject Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Subject Premises. In this instance, Plaintiff, in

Plaintiff's individual capacity and as a "tester", visited the Subject Premises, encountered barriers to access at the Subject Premises, engaged and tested those barriers, suffered legal harm and legal injury as a result of the same, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

55. Plaintiff, in his capacity as a tester, will absolutely return to the Subject Premises when Defendants modify the Subject Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA

56. The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

57. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Subject Premises, including those set forth herein.

58. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

59. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily

accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

        Respectfully submitted,

        s/ Glenn R. Goldstein
        Glenn R. Goldstein, Esq. (FBN: 55873)
          *Attorney for Plaintiff*
        Glenn R. Goldstein & Associates, PLLC
        8101 Biscayne Blvd., Ste. 504
        Miami, Florida 33138
        (561) 573-2106
        GGoldstein@G2Legal.net